USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: FEB 20 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

JIAN GUO CHENG,
SHUN QING CHEN,
a/k/a "Cousin,"

Defendants.

- - - - - - - - - - - - - - - - x

INDICTMENT

09 Cr. ___

09 CRIM 161

COUNT ONE

The Grand Jury charges:

1. From in or about January 2006 up to and including in or about October 2008, in the Southern District of New York and elsewhere, JIAN GUO CHENG and SHUN QING CHEN, a/k/a "Cousin," the defendants, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with others to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of another person, to wit, the owner of a private van service (the "Victim") that operated routes between Manhattan, New York, and locations in Connecticut, which consent would have been and was induced by the wrongful use of actual and threatened force, violence, and fear, and thereby would and did obstruct, delay, and affect commerce and the movement of articles and commodities

in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3).

(Title 18, United States Code, Section 1951.)

**FORFEITURE ALLEGATION**

2. As a result of committing the offense alleged in Count One of this Indictment, JIAN GUO CHENG and SHUN QING CHEN, a/k/a "Cousin," the defendants, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the violation of 18 U.S.C. § 1951.

Substitute Asset Provision

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant(s) -

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to 18 U.S.C. § 981, to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981, and Title 28, United States Code, Section 2461.)

FOREPERSON

LEV L. DASSIN
Acting United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

**- v. -**

**JIAN GUO CHENG,**
**SHUN QING CHEN,**
a/k/a "Cousin,"

**Defendants.**

---

**INDICTMENT**

(Title 18, United States Code, Section 1951)

LEV L. DASSIN
Acting United States Attorney.

**A TRUE BILL**

[signature]
Foreperson.

---

MKC 2/20/09: Post 11/1/87 Indictment filed Assigned to Judge case/
Pitt, M.J.